UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PUTNAM LOVELL NBF GROUP, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:04CV647(MRK) |
| | : | |
| JOHN A. CONLON, JR. | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## RULING AND ORDER

On March 3, 2005, having received a letter from *pro se* Defendant John Conlon which the Court construed as a motion to dismiss in favor of arbitration, the Court issued an order requiring Plaintiff to show cause why the Court should not grant Defendant's motion. *See* Order to Show Cause [doc. #13]. In its response, Plaintiff has submitted a brief and affidavit in which Plaintiff asserts that it is not a party to any arbitration agreement with Defendant. Plaintiff, however, acknowledges that its wholly-owned subsidiary, Putnam Lovell NBF Securities Inc. ("Putnam Securities") is a party to an arbitration agreement with Defendant and that Putnam Securities and Defendant are currently involved in an arbitration under the auspices of the National Association of Securities Dealers ("NASD") regarding Defendant's termination of employment. *See* Pl.'s Brief in Opp'n to Defendant's Motion to Dismiss [doc. #15] at 1-4.

The dispute between Plaintiff and Defendant arises from the failure to pay a promissory note, the payment of which was triggered by Defendant's termination from employment at Putnam Securities. *See* Pl.'s Brief in Opp'n to Defendant's Motion to Dismiss [doc. #15] at 7. Thus, the

dispute certainly appears eligible for submission to NASD because it "aris[es] out of the employment or termination of employment" of Defendant, within the meaning of Rule 10101 of the NASD Code.

Nevertheless, given the current state of the record, the Court must deny Defendant's motion. As Plaintiff points out, arbitration is a matter of contract and ordinarily a party cannot be compelled to arbitrate claims unless the party is a party to an arbitration agreement. *See, e.g.*, *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960); *Bell v. Cendant Corp.*, 293 F.3d 563, 566-67 (2d Cir. 2002). Plaintiff itself is not a party to any arbitration agreement with Defendant.

The Court notes that this fact is not necessarily dispositive =because under appropriate circumstances, non-signatories to an arbitration agreement may nonetheless be compelled to arbitrate their claims. *See, e.g.*, *MAG Portfolio Consult, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 61 (2d Cir. 2001) (noting that "[t]here are five theories for binding nonsignatories to arbitration agreements: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter-ego; and 5) estoppel") (quotation marks and citations ommitted); *Local Union No. 38 v. Custom Air Systems*, 357 F.3d 266, 268 (2d Cir. 2004) (explaining that under the alter ego theory, a non-signatory is "for all relevant purposes" considered "legally equivalent to the signatory" and thus "itself a party" to the arbitration agreement). Defendant has not as yet alleged the existence of any such circumstances. However, the Court does not foreclose the possibility that Defendant may yet be able to do so.

Accordingly, the Court DENIES Defendant's Motion to Dismiss in Favor of Arbitration [**doc. #12**] WITHOUT PREJUDICE TO RENEWAL.

                                                            IT IS SO ORDERED.

                                          /s/      Mark R. Kravitz
                                                     United States District Judge

Dated at New Haven, Connecticut: **June 22, 2005**.